IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-03077-06-CR-S-BCW |
| | ) | |
| BRITTANY JONES, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**SENTENCING MEMORANDUM**

COMES NOW Defendant, by and through her undersigned counsel of record, and hereby respectfully suggests the following, pursuant to Title 18, Section 3553(a), with regard to the sentence to be imposed in her above-captioned case:

**1. Procedural Background.** Ms. Jones is scheduled for sentencing before Your Honor on Tuesday, August 7, having been the last person charged (by Second Superseding Indictment filed January 17, 2017, Doc. 78) in a conspiracy case which had originally been pending against the other-named defendants since July [Doc. 1] and November [Doc. 21] of 2016.

Upon receipt of a target letter in November 2016, Ms. Jones arranged through retained counsel to voluntarily appear at all places and times requested by the Government and then, upon notice of the Superseding Indictment, voluntarily self-surrendered in this matter on January 19, 2017, after which she was released on bond (over the Government's objection, Doc. 92) where she remained without incident before deciding, on the advice of counsel, to voluntarily self-surrender into custody in anticipation of her guilty plea while awaiting sentencing. She had experienced a relapse

in early January which her supervising pretrial USPO and physician ascribed to post-partum depression (PSR, p. 4, 11, 16); it should be noted that, while in custody, that condition has been successfully treated with medication (PSR, p. 11).

**2. PSR/Advisory Guidelines.** Ms. Jones pled guilty to the conspiracy count (Count 1 of the Second Superseding Indictment) on January 22, 2018, pursuant to a written Plea Agreement [Doc. 188]; Your Honor duly accepted that plea and adjudged her Guilty under Count 1 on July 17, 2018 [Doc. 213]. The final presentence report (PSR) in her case was duly filed on April 10, 2018 [Doc. 201] and, without objection by any of the parties, the United States Probation Office (USPO) determined an advisory range of punishment under the Sentencing Guidelines of sixty (60) months; but for the statutory mandatory minimum applicable under Count 1 the range of punishment would have been 46-57 months [PSR, pp. 12-13]. Ms. Jones is permitted, pursuant to the Plea Agreement, to argue for a sentence outside the Guideline range [Doc. 188, p. 7].

**3. Offense Conduct.** While not seeking to minimize the seriousness of the offense of conviction but simply to provide context within which, under a Section 3553(a) analysis, to view her substantive offense conduct, role in the offense, and culpability relative to the other named defendants, counsel wishes to point out the following: on three occasions during the conspiracy in 2014 Ms. Jones sold a tenths-of-a gram quantity of heroin (0.1, 0.8, and 0.12 grams respectively) to an undercover law enforcement officer (PSR, p. 6; Doc. 188, p. 2); in addition on two occasions in 2012 she accompanied a co-defendant to St. Louis, Missouri, where that co-defendant obtained ounce quantities of heroin for transport back to Springfield, Missouri, and distribution by other members of the conspiracy (PSR, p. 6; Doc. 188, p. 2); there is no evidence or

allegation in this case that Ms. Jones ever profited monetarily or received anything from the persons above her in the conspiracy other than personal use quantities of heroin, to which she was admittedly addicted during her involvement in the conspiracy (PSR, p. 6). Fundamentally, as so described in the PSR, she was a "buyer" from the mid-level distributors in the conspiracy who supplied the heroin to which she was addicted (PSR, p. 5).

**4. Criminal/Substance Abuse History.** Ms. Jones' Criminal History (PSR, pp. 7-9) and substance abuse history (PSR, pp. 11-12) should be viewed together in that the former directly resulted from the latter: without exception all of Ms. Jones' criminal justice and law enforcement contacts resulted either directly from her substance addiction (e.g. possession of drugs or paraphernalia) or indirectly from negative associations and choices she made because of it (e.g. theft offenses for funds with which to buy drugs). By her own admission, at the height of her addiction in 2013-2014, she was abusing 3 different drugs daily and intravenously (PSR 11).

In the Fall of 2015, in two consolidated felony cases (PSR, pp. 8-9, 16), the Circuit Court of Greene County, Missouri, diverted Ms. Jones to the Treatment Court Division ("TC-1" commonly known as Drug Court). It should be noted that Ms. Jones had not yet been charged or targeted in the instant case when she began the Drug Court program, although the state felony offenses to which she pled guilty occurred during the course of her involvement in the federal conspiracy. In the two (2 years) after her diversion into Drug Court, under the supervision of Commissioner Peggy Davis and her staff, notably Missouri Probation and Parole Officer Katherine Sweet and Substance Abuse Counselor Maribeth Prim, Ms. Jones successfully overcame her addiction

(documents evidencing her November 15, 2017, graduation from Drug Court are attached hereto and incorporated herein by this reference) and in so doing became not only one of the true "success stories" of the Drug Court program locally but through her example a leader and role model for others also participating in it. The latter is evidenced by numerous letters on her behalf by her Drug Court and substance treatment peers, which are attached to this Memorandum and incorporated herein by this reference. Counsel also wishes to highlight PPO Sweet's heartfelt (and, by her own admission, unprecedented) letter in support of Ms. Jones which is likewise attached and incorporated by reference. Upon information and belief Counselor Prim will be present person at the time of Ms. Jones' sentencing on August 7.

    **5. Employment/Education.** Other assets weighing in Ms. Jones' favor, in addition to and as a result of her successful rehabilitation from drug abuse and evidenced during her sobriety, are a renewed work ethic and commitment to completing her education (PSR, p. 12). While participating in Drug Court and on bond in the instant case, Ms. Jones worked full-time at Papa John's pizza restaurant in Springfield, Missouri, and a letter of support from her employer emphasizing her traits of responsibility and reliability as his employee is attached hereto and incorporated by this reference; Ms. Jones is among the fortunate in Your Honor's court who has a job waiting for her when she is released from incarceration.

    Counsel also wishes to bring to the court's attention an enthusiastic letter of support by one of Ms. Jones's instructors at Ozarks Technical Community College in Springfield, Missouri, attesting to the commitment she showed to her education after finally overcoming her addiction; interestingly, the change in her academic performance

during the period of drug abuse and then after overcoming it is dramatically reflected by her OTC transcript a copy of which is likewise attached and incorporated (achieving a "4.0" in the Fall 2017 semester). As indicated in the PSR (p. 12) Ms. Jones hopes to resume her education at OTC when finally released in the instant case.

**6. Family.** A discussion of Brittany Jones' long and difficult journey through addiction to sobriety would be incomplete without mentioning the importance of the birth of her son, Ezra, in November 2017 while she was on bond in the instant case and shortly before graduating from the Greene County Drug Court program. Many of the letters of support written on her behalf allude to Ezra as perhaps the most important motivator in assuring Ms. Jones' continued sobriety and attitude of law-abidingness. An illustrative sample of family photographs depicting them is attached to this Memorandum for Your Honor's information. Ezra was only two months old when, by virtue of the mandatory pretrial detention statute, in January 2018 Ms. Jones was required to go into custody in this case pending her guilty plea and sentencing. Ezra's father, who resides in the Bolivar, Missouri, area, has shared physical custody of the child with Ms. Jones' own father and mother during this difficult period of separation (PSR, p. 11); Ezra's "extended family" has been supportive of her and has made it all work while looking forward to the day when she and her son can be reunited.

WHEREFORE, Defendant respectfully prays the court to impose sentence in this matter below the advisory Guideline range, as heretofore suggested and to be argued further and more specifically in open court on the sentencing date; and for such other and further relief as the court deems just and proper.

/s/ *John F. Appelquist*
John F. Appelquist
Missouri Bar No. 38621
313 South Glenstone
Springfield, MO 65802
(417) 869-6001

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that the foregoing was duly filed this 27th day of July, 2018, using the CM/ECF electronic filing system and a copy thereby transmitted, via electronic mail, by the Clerk of the United States District Court to all interested counsel of record.

/s/ *John F. Appelquist*
John F. Appelquist
Counsel for Defendant